FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 0 8 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

BORIS SACHAKOV,

Defendant.

---

11-CR-120

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On June 13, 2012, Boris Sachakov was found guilty, by a jury verdict, of counts One through Six of a six-count, superseding-indictment. Count One charged that between January 2008 and January 2010, defendant, along with others, executed and attempted to execute a scheme to defraud one or more health care benefits programs, specifically, Medicare and private benefits programs in violation of 18 U.S.C. § 1347. Counts Two through Six charged that on five occasions, defendant, along with others, submitted and caused to be submitted claims to Medicare and private benefits programs which (1) falsely represented that he provided services that were not rendered and (2) falsely billed for office visits, examinations and other procedures in violation of 18 U.S.C. § 1035(a).

Sachakov was sentenced December 10, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 30 and defendant's criminal history to be category I, yielding a guidelines range of imprisonment of between 97 and 121 months. The guidelines provide for a base level offense of 6. 18 U.S.C. § 1347. A special offense characteristic, based on the court's finding of intended losses of up to $2.6 million, provided an 18-level enhancement. *See* U.S.S.G. § 2B1.1(b)(1)(L). Three separate 2-point enhancements are included for (1) obstructing justice in the form of attempting to intimidate a witness who testified at trial against defendant, (2) committing a crime involving ten or more victims, and (3) abusing a position of trust. Rejected, however, is retroactive imposition of a 2-point enhancement for defrauding a government health care program, which was added to the Guidelines in 2011. *See*

Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 10606(a)(2)(C), 124 Stat. 119, 1007 (2010).

Defendant's conviction on Count One carried a maximum term of imprisonment of 10 years. 18 U.S.C. § 1347. His conviction on each of Counts Two through Six each carried a maximum term of imprisonment of 5 years, for a total of 25 years. Under all Courts, the maximum sentence would be 35 years.

Restitution and forfeiture of property "derived, directly or indirectly, from gross proceeds traceable to the commission off the offense" are mandatory. *See* 18 U.S.C. § 3663A (mandatory restitution to victims of an offense against property, including any offense committed by fraud or deceit); 18 U.S.C. § 982(a)(7) (requiring order of forfeiture on person convicted of a federal health care offense). The Superseding Indictment alleged that defendant "submitted and caused submission of approximately $6,829,178 in claims to Medicare and approximately $15,829,485 in claims to" private insurers "for services purportedly provided to beneficiaries." Superseding Indictment, Oct. 5, 2011, CM/ECF No. 65, at ¶ 22. The Superseding Indictment did not charge defendant with a specific amount of dollars defrauded against Medicare or private insurers. No jury finding was made as to the amount of fraudulent billings attributable to defendant. *See* Minute Entry, June 13, 2012, CM/ECF No. 147.

Sachakov was sentenced to 30 months imprisonment with credit for time served and three years supervised release. Alcohol treatment is ordered.

For the reasons stated orally on the record at sentencing, a reasonable estimate of the actual proceeds directly traceable to defendant's offense is $1,103,069.62. Restitution was ordered in the amount of $1,103,069.62 owed to defendant's victims. The defendant is subject to forfeiture in the amount of $1,103,069.62. Payment for restitution and forfeiture is due and

payable six months after defendant is released from prison at $100.00 per month until his debt is satisfied, subject to application by the Government or probation to increase defendant's payments as his economic situation may improve.

A $600 special assessment was imposed. No fines were imposed because the restitution and forfeiture ordered will put defendant under a significant financial burden for the remainder of his life, and it is unlikely he will have any assets in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).

The sentence imposed reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). The crimes committed by defendant are very serious. They strike at the very foundation of the health system for tens of millions of people that require doctors and hospitals to provide their services with honesty. After hearing all of the evidence, the jury in this case determined that defendant deliberately overcharged Medicare and private insurers repeatedly, stealing in effect large sums of money. Defendant's conduct was not aberrant. It existed over a considerable length of time and was notorious.

Defendant was born and raised in Kazakhstan, in the former Soviet Union, on October 3, 1968. He suffered immense anti-Semitism while in the Soviet Union. He was drafted into the

Soviet army at the age of 18, serving for two years under extremely difficult conditions. Shortly after being discharged from the army, in 1990, defendant and his family immigrated to the United States.

This country offered Sachakov new opportunities. He had begun medical school in Siberia before entering the Soviet army. Here, in the United States, he studied hard and gained admission to the Albert Einstein Medical School in New York. He demonstrated himself to be disciplined and devoted to his medical training. He owned and operated a proctology clinic in the Brighton Beach section of Brooklyn from 2005 until his remand on June 13, 2012.

Sachakov has substantial psychiatric problems and has a history of alcohol abuse. One of the great tragedies in this case is that people who would have been helped by Sachakov, particularly those in his community of Brighton Beach, will not receive the benefit of his skills. Although the custodial system in the United States does provide good medical treatment, it is recommended that Sachakov be considered for service in a medical prison institution where he can help the other prisoners.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. The very substantial sentence required to achieve general deterrence is met. The sentence will send a clear message that any involvement in medical-billing fraud will result in a substantial penalty, including remittance of restitution and forfeiture that will result in a huge debt payable for the remainder of defendant's life. Specific deterrence is achieved by the prison sentence, restitution, and forfeiture imposed by the court—as well as the substantial likelihood that defendant will lose his medical license as a result of his conviction.

It is unlikely that he will engage in further criminal activity in light of his close family ties and supportive neighborhood community.

5

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: January 2, 2013
      Brooklyn, New York